UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JACOB SCHMIDT, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:24-CV-595-TLS-JEM |
| J. HOLT, OLIVER, and HAHN, | |
| Defendants. | |

**OPINION AND ORDER**

Jacob Schmidt, a prisoner without a lawyer, filed a complaint. ECF No. 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Schmidt alleges that on July 9, 2024, there was an electrical fire at the LaPorte County Jail, where he is serving a criminal sentence.[1] He complains that he and the other inmates on N-3 Medical Block were exposed to the smoke and fumes from the fire for more than three hours. Schmidt says he pushed the emergency call button several times and submitted several medical

---

[1] Schmidt asserts in the complaint that he was detained in the jail awaiting trial, but state court records show that he was sentenced on April 17, 2024, to a term of 180 days in the county jail. *See State v. Lawson*, No. 46C01-2312-F6-001816 (LaPorte Super. Ct. decided Apr. 17, 2024). So at the time of the fire, he was serving a criminal sentence, which means the Eighth Amendment standards apply to this case. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018).

requests, pre-grievances, and grievances, but the nurse did not come to check on them for three hours.

Correctional officers told the inmates to cover their faces with masks, but they were not provided with any. Instead, Schmidt and the others used towels or clothing to cover their faces. Schmidt alleges that in those three hours, he experienced shortness of breath, vomiting, stomach cramps, severe headaches, and a burning sensation in his lungs. He was told the problem was taken care of, but smoke and fumes remained in the cellblock for several hours. Schmidt believes he may have permanent damage to his lungs and chest from having to remain on the smoke-filled block. He sues J. Holt, Hahn, and Lieutenant Oliver for money damages, alleging without explanation that the defendants failed to intervene in the situation.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer*, 511 U.S. at 834. The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (cleaned up). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Deliberate indifference means "the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant

must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (finding that where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Here, the complaint does not provide a basis to conclude that any of the defendants were deliberately indifferent towards Schmidt. He does not say what involvement any of them had in responding to the fire, nor does he explain what their roles are at the prison. He says that the defendants failed to intervene, but it is not clear from the complaint that any of them were aware that there was a fire or, if they were, what action each took or failed to take. Supervisors cannot be liable under 42 U.S.C. § 1983 based solely on the actions of the people they supervise, unless they, too, had some personal involvement in the alleged constitutional violation. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) (noting there is no supervisory liability under § 1983). Schmidt does not explain why he seeks to hold these particular defendants liable, nor is it apparent from the complaint.

This complaint does not state a claim for which relief can be granted. If Schmidt believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended"

on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) GRANTS Jacob Schmidt until **December 4, 2024**, to file an amended complaint; and

(2) CAUTIONS Jacob Schmidt if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 31, 2024.

                                            s/ Theresa L. Springmann
                                            JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT