UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JACOB SCHMIDT,

    Plaintiff,

    v.

J. HOLT, STEVE OLIVER, ANDREW
HAHN, LAPORTE CITY, and QUALITY
CORRECTIONAL CARE,

    Defendants.

CAUSE NO.: 3:24-CV-595-TLS-JEM

**OPINION AND ORDER**

Jacob Schmidt, a prisoner without a lawyer, filed a complaint about being exposed to smoke and fumes for several hours when a fire occurred at the LaPorte County Jail. ECF No. 1. The Court determined that the case could not proceed because Schmidt had not explained how the named defendants were personally involved in the alleged constitutional violation, so there was no basis to conclude any were deliberately indifferent to his health or safety. ECF No. 5. Schmidt was given the opportunity to file an amended complaint, and he has done so. ECF No. 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Because Schmidt was serving a criminal sentence at the time of the fire, the Eighth Amendment applies to this case. *Miranda v. County of Lake*, 900 F.3d 335, 350 (7th Cir. 2018).

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (cleaned up). The Eighth Amendment protects prisoners only from conditions that "exceed[] contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). In other words, "[a]n objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (cleaned up).

On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Deliberate indifference means "the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up).

Schmidt alleges that on July 9, 2024, there was an electrical fire at the LaPorte County Jail that caused the entire Medical Block of N-3 to be filled with white smoke. He describes a continuous cloud of white smoke coming from the vents that filled the entire dayroom and cells. Schmidt and the other inmates on the block were not evacuated. Jail staff took remedial action by opening the chow slot in the dayroom door for ventilation, and Assistant Jail Commander, Lieutenant J. Holt, told them to cover their faces with something. Schmidt wrapped a shirt around his face, but he says it did not keep him safe from inhaling some smoke.

In the amended complaint, Schmidt alleges that Jail Commander Andrew Hahn and Assistant Jail Commander Holt were aware of the severity of the situation and chose not to evacuate him to safety. However, he has not plausibly alleged that evacuation was the only constitutionally adequate response to the electrical fire. "The test of deliberate indifference ensures that the mere failure of the prison official to choose the best course of action does not amount to a constitutional violation." *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002) (citation omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

Jail Commander Hahn and Assistant Jail Commander Holt were aware that Schmidt and the other inmates had items in their cells that could be used as makeshift masks for this temporary emergency and ordered them to cover their faces. These defendants took some steps to alleviate the effects of the smoke, and Schmidt has not plausibly alleged that more was needed. The injuries Schmidt complains of— shortness of breath, vomiting, stomach cramps, severe headache, and a burning sensation in his lungs—are not the type of medical complaints that are serious enough to independently raise a constitutional concern. *Cf. Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (concluding "breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy" from exposure to second-hand smoke were "objectively speaking, relatively minor" and were "not the sort of objectively serious injury or medical need that amounts to a denial of the minimal civilized measure of life's necessities" (cleaned up)); *Oliver v. Deen*, 77 F.3d 156, 159–60 (7th Cir. 1996) (asthmatic prisoner's complaints of difficulty breathing, chest pains, wheezing, and other common symptoms of an asthma attack from being assigned a cellmate who smoked not deemed "so serious as to

3

implicate the Constitution and provide the basis for an award of damages"); *Boyce v. McKnight*, No. 14 C 0418, 2015 WL 8778330, at *10 (N.D. Ill. Dec. 15, 2015) (collecting cases) ("[M]ultiple district courts applying the Seventh Circuit's standards have also specifically held that the lingering effects of being pepper-sprayed or exposed to similar chemical agents are not objectively serious medical conditions."). To show cruel and unusual punishment, the Constitution requires "more than ordinary lack of due care for the prisoner's interests or safety." *Wilson v. Seiter*, 501 U.S. 294, 299 (1991) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). That standard is not met with respect to Jail Commander Hahn and Assistant Jail Commander Holt.

Additionally, there are no allegations connecting Lieutenant Steve Oliver to the decisions regarding the fire. Schmidt identifies him as being in administration and says he is one of those "responsible for the safekeeping, care, and custody of all inmates in the LaPorte County Jail." ECF No. 6 at 5. Liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation, *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018), and a defendant cannot be held liable just because they supervise others at the jail, *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Lieutenant Oliver's position in the jail administration does not make him liable for the decisions of those who work under him. The amended complaint does not state a claim against him.

Schmidt also seeks to hold Quality Correctional Care, the private company that provides medical care at the jail, liable for providing him constitutionally inadequate medical care at the jail. Under the Eighth Amendment, prison medical providers may be held liable for deliberate indifference to an inmate's serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). As discussed above, Schmidt's symptoms did not reach the level of a serious medical need under the

Constitution. And, additionally, Quality Correctional Care cannot be held liable based only on the acts of its employees. *See, e.g.*, *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021); *J.K.J. v. Polk County*, 960 F.3d 367, 377 (7th Cir. 2020); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). Instead, it can be held liable only if the company itself had an unconstitutional policy or custom that was the "moving force" behind a constitutional violation. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235–36 (7th Cir. 2021); *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Schmidt does not identify a policy or custom attributable to Quality Correctional Care that contributed to his injuries.

Finally, Schmidt names as a defendant the City of LaPorte. The city does not have control over the county jail. By statute, the LaPorte County Sheriff is tasked with running the jail. *See* Ind. Code § 36-2-13-5(a)(7) ("The sheriff shall . . . take care of the county jail and the prisoners there[.]"). The City of LaPorte is not a proper defendant.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED on February 3, 2025.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT
